IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00405-WJM-MEH

SUNSMART PRODUCTS (PTY) LTD, a South African company, and
EXPAND A SIGN INTERNATIONAL (PTY) LTD a South African company,

    Plaintiffs/Counter Defendants,

v.

JUDITH LEASIA, in her official capacity as owner of Dagmar Branding, Inc., and Expand A Sign USA, Inc.,
JUDITH LEASIA, individually, f/k/a Judith Grice, and
DAGMAR BRANDING INC., a Colorado corporation, a/k/a Expand A Sign USA, Inc.,

    Defendants/Counter Claimants.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court is Defendants' Motion for Leave to Serve Limited Discovery Requests [filed April 29, 2013; docket #27].[1] For the reasons set forth below, Defendants' Motion is **denied without prejudice**.

Fed. R. Civ. P. 26(d) proscribes seeking discovery before Rule 26(f) conferral. However, this prohibition is not absolute; the Court may authorize discovery upon a showing of good cause. *Pod-Ners, LLC v. Northern Feed & Bean of Lucerne Ltd. Liability Co.*, 204 F.R.D. 675, 676 (D. Colo. 2002). Courts in this district have found good cause where the discovery is necessary (1) to identify the defendants, *see, e.g.*, *20/20 Financial Consulting, Inc. v. Does 1-5*, 10-cv-01006-CMA-KMT, 2010 WL 1904530, at *1 (D. Colo. May 11, 2010); (2) to resolve jurisdictional issues, *see, e.g., Infonow Corp. v. Zyme Solutions, Inc.*, 12-cv-03255-MSK-MEH, 2013 WL 173421, at *1-*2

---

[1] Pursuant to D.C. Colo. LCivR 7.1C, the Court decides the Motion without a response from Plaintiffs.

(D. Colo. Jan. 16, 2013); (3) to obtain a preliminary injunction; (4) to advance claims of infringement or unfair competition; or (5) to preserve physical evidence that is subject to destruction. *See Qwest Commc'n Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419-20 (D. Colo. 2003) (identifying latter three instances as "good cause" for expedited discovery). "Expedited discovery should be limited, however, and narrowly tailored to seek information necessary to support expedited or preliminary relief." *Avaya, Inc. v. Acumen Telecom Corp.*, No. 10-cv-03075-CMA-BNB , 2011 WL 9293, at *2 (D. Colo. Jan. 3, 2011) (citation omitted).

In this case, Defendants seek limited expedited discovery in advance of the June 5, 2013 Settlement Conference in order to obtain "important financial information related to damages." (Docket #27 at 3.) The Court is not persuaded that an impending mediation constitutes good cause under Rule 26(d), and Defendants have not provided any case in which a court has permitted expedited discovery on this basis.

Defendants' argument seems to focus on the timing of the Scheduling Conference and its effect on the Rule 26(f) conference. In the Court's view, Defendants are right to consider the timing of the Rule 26(f) conference, but have perhaps confused the date by which they must confer as a date before which no conferral shall occur. Originally, the Court set a Scheduling Conference for May 20, 2013. (*See* docket #2.) As set forth in that initial minute order, the parties were required to participate in a Rule 26(f) conference no later than April 29, 2013. (*Id*. at 1.) Upon request of the parties, the Court continued the Scheduling Conference and corresponding conferral deadline to June 11, 2013, and May 21, 2013, respectively. (Docket #24.) However, nothing in the Court's order prohibits the parties from engaging in Rule 26(f) conferral prior to the May 21, 2013 deadline. Indeed, it is unclear from the face of the Motion whether Defendants have explored early 26(f) conferral as means of beginning the discovery process prior to the Settlement Conference. Until this

option has been exhausted, the Court will not entertain authorizing preliminary expedited discovery in this case.

    SO ORDERED.

    Entered and dated at Denver, Colorado, this 3rd day of May, 2013.

                                          BY THE COURT:

                                          *Michael E. Hegarty*

                                          Michael E. Hegarty
                                          United States Magistrate Judge